IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 00-723  CR05-59 |
| V. | : DATE FILED: 12/6/00 |
| MARK SMITH, a/k/a "Mark Price" | : VIOLATIONS: 21 U.S.C. §841 (Distribution of cocaine base - 2 Counts) 21 U.S.C. §860(a) (Distribution of cocaine base within 1,000 feet of a school (2 Counts) 21 U.S.C. §853(a)(1),(2), and (p) (Notice of forfeiture) |

REDACTED

INDICTMENT

COUNT ONE

THE GRAND JURY CHARGES THAT:

On or about June 24, 1999, in the Eastern District of Pennsylvania and elsewhere, the defendant,

MARK SMITH
a/k/a "Mark Price",

knowingly and intentionally distributed in excess of 5 grams, that is approximately 27.0 grams, of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

1

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 24, 1999, in the Eastern District of Pennsylvania and elsewhere, the defendant

**MARK SMITH**
**a/k/a "Mark Price"**

knowingly and intentionally distributed in excess of 5 grams, that is approximately 27.0 grams, of a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II controlled substance, within 1,000 feet of the real property comprising the Longstreth Elementary School, located at 5700 Willows Avenue, Philadelphia, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 860(a).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about April 7, 2000, in the Eastern District of Pennsylvania and elsewhere, the defendant

**MARK SMITH,**
a/k/a "Mark Price"

knowingly and intentionally distributed in excess of 5 grams, that is approximately 25.5 grams, of a mixture or substance containing a detectable amount of cocaine base ("crack "), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about April 7, 2000, in the Eastern District of Pennsylvania and elsewhere, the defendant

**MARK SMITH,
a/k/a "Mark Price"**

knowingly and intentionally distributed in excess of 5 grams, that is approximately 25.5 grams, of a mixture or substance containing a detectable amount of cocaine base ("crack "), a Schedule II controlled substance, within 1,000 feet of the real property comprising the Longstreth Elementary School, located at 5700 Willows Avenue, Philadelphia, in violation of Title 21, United States Code, Section 841(a)(1).

In violation of Title 21, United States Code, Section 860(a).

## NOTICE OF FORFEITURE

As a result of a violation of Title 21, United States Code, Section 841, set forth in Counts One through Four of this Indictment, the defendant

**MARK SMITH,**
a/k/a "Mark Price"

shall forfeit to the United States under Title 21, United States Code, Section 853:

(a) Any and all real and/or personal property which the defendant used in any manner or part to facilitate the commission of the violation of Title 21, United States Code, as charged in this Indictment:

(b) Any and all real and/or personal property constituting, or derived from, any proceeds obtained directly or indirectly as the result of the violation of Title 21, United States Code, as charged in this Indictment, including but not limited to $1,700 United States Currency.

If any of the property described above as being subject to forfeiture, as the result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of said defendant up to the value of said property listed above as being subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853(a)(1), (2), and (p).

A TRUE BILL:

_____
**Foreperson**

_____
**MICHAEL R. STILES**
**United States Attorney**

# UNITED STATES DISTRICT COURT

__EASTERN__ District of __PENNSYLVANIA__

UNITED STATES OF AMERICA
v.

MARK SMITH a/k/a "Mark Price"

JUDGMENT IN A CRIMINAL CASE CR05-59
(For Offenses Committed On or After November 1, 1987)

Case Number: 00-723

Gary S. Server, Esquire
Defendant's Attorney

## THE DEFENDANT:

- [X] pleaded guilty to count(s) __two and four__
- [ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.
- [ ] was found guilty on count(s) _____ after a plea of not guilty.

REDACTED

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:860(a), 21:841(a)(1) | Distribution of Cocaine Base within 1,000 feet of a school | 4/7/00 | 2, 4 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- [ ] The defendant has been found not guilty on count(s) _____
- [X] Count(s) __1 and 2__ [ ] is [X] are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: Not known
Defendant's Date of Birth: , 1977
Defendant's USM No.: 54727-066
Defendant's Residence Address:

Claymont, Delaware 19703

Defendant's Mailing Address:

Claymont, Delaware 19703

November 5, 2001
Date of Imposition of Judgment

_Signature of Judicial Officer_

John P. Fullam, Sr. Judge, U.S.D.C. for the Eastern District of PA
Name and Title of Judicial Officer

November 5, 2001
Date

TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: _____
ATTEST: _____
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

DEC-22-2003 16:43 US PROBATION P.02
Case 1:05-cr-00059-SLR Document 4 Filed 06/13/2005 Page 8 of 11
AO 245B (Rev. 3/01) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 7

DEFENDANT: MARK SMITH a/k/a "Mark Price"
CASE NUMBER: 00-723

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of  32 months .

X  The court makes the following recommendations to the Bureau of Prisons:
The defendant serve his prison sentence in a boot camp program.
The defendant obtain prison employment.

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
    ☐ as notified by the United States Marshal.

X  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    X before 2 p.m. on  November 19, 2001 .
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT:      MARK SMITH a/k/a "Mark Price"
CASE NUMBER:    00-723

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term    <u>five years</u>

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☐   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEC-22-2003 16:05 PROBATION P.04
Case 1:05-cr-00059-SEH Document 4   Filed 06/13/2005   Page 10 of 11
AO 245B (Rev. 3/01) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page 4 of 7

DEFENDANT: MARK SMITH a/k/a "Mark Price"
CASE NUMBER: 00-723

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 2,000.00 | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | ***Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| **TOTALS** | $ _____ | $ _____ | |

☐ If applicable, restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: MARK SMITH a/k/a "Mark Price"
CASE NUMBER: 00-723

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance with  ☐ C,  ☐ D, or  ☐ E below; or

B ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  E below); or

C ☐ Payment _____ (e.g., equal, weekly, monthly, quarterly) _____ over a period of _____ (e.g., months or years), to _____ (e.g., 30 or 60 days) after the date of this judgment;

D ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E X Special instructions regarding the payment of criminal monetary penalties:

  The special assessment in the amount of $200.00 is due within 10 days from the date of imposition of sentence.
  The defendant is ordered to pay a fine in the amount of $2,000.00 within one year.
  The defendant is also ordered to refund the government in the amount of $1,700.00.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.